UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WALTER WARE,

                    Plaintiff,

-against-

CYNTHIA BRANN, N.Y.C. D.O.C. Commissioner; PATSY YANG, Vice President, N.Y. Health & Hospitals for Correction; and MARGARET EGAN, Board of Corr. Exec. Dir.,

                    Defendants.

**ORDER OF SERVICE**

21 Civ. 2028 (PGG)

PAUL G. GARDEPHE, United States District Judge:

        Plaintiff, currently detained in the Vernon C. Bain Center (VCBC), brings this pro se action under 42 U.S.C. § 1983, alleging that Defendants are violating his constitutional rights. On May 13, 2021, Plaintiff was granted leave to proceed in forma pauperis ("IFP").[1] (See Dkt. No. 7)

## DISCUSSION

**A.    Defendants Yang and Egan**

        Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. Walker v. Schult, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); see also 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summonses and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. See 28 U.S.C. § 1915(b)(1).

the summonses and complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date the summonses are issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. See Meilleur v. Strong, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); see also Murray v. Pataki, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m)."). If service has not been made within 90 days from the date the summons is issued, and if Plaintiff has not requested an extension of time to serve within that 90 days, **this action may be dismissed** pursuant to Rules 4 and 41 of the Federal Rules of Civil Procedure.

To allow Plaintiff to effect service on Defendants Yang and Egan through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all of the paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if his address changes. Failure to do so **may result in dismissal of this action**. Plaintiff is advised that the Pro Se Office at the United States Courthouse, 500 Pearl Street, Room 230, New York, New York 10007, telephone: (212) 805-0175, may be of assistance in connection with court procedures.

B. **Defendant Brann**

The Clerk of Court is also directed to notify the New York City Department of Correction and the New York City Law Department of this order. The Court requests that Commissioner Cynthia Brann waive service of summons.

**CONCLUSION**

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

The Clerk of Court is further instructed to issue summonses, complete the USM-285 forms with the addresses for Defendants Yang and Egan, and deliver to the U.S. Marshals Service all documents necessary to effect service on these Defendants.

The Clerk of Court is also directed to electronically notify the New York City Department of Correction and the New York City Law Department of this order. The Court requests that Defendant Commissioner Cynthia Brann waive service of summons.

SO ORDERED.

Dated: New York, New York
June 2, 2021

PAUL G. GARDEPHE
United States District Judge

# DEFENDANTS AND SERVICE ADDRESSES

1. Patricia Yang
   Senior Vice President for Correctional Health Services
   for NYC Health + Hospitals
   55 Water Street
   18th Floor
   New York, New York 10041

2. Margaret Egan
   Executive Director of the Board of Correction
   1 Centre Street
   Room 2213
   New York, New York 10007