UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

WALTER WARE,                                    :
                                                :          21-CV-2028 (PGG) (RWL)
                        Plaintiff,              :
                                                :
        - against -                             :          **ORDER DENYING**
                                                :          **PRO BONO COUNSEL**
CYNTHIA BRANN, *et al.*,                         :
                                                :
                        Defendants.             :
---------------------------------------------------------------X

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

Pro se Plaintiff has filed an Application for the Court to Request Counsel.  For the following reasons, Plaintiff's application is denied.

### LEGAL STANDARD

The *in forma pauperis* statute provides that the courts "may request an attorney to represent any person unable to afford counsel."  28 U.S.C. § 1915(e)(1).  Unlike in criminal cases, in civil cases, there is no requirement that courts supply indigent litigants with counsel.  *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986).  Instead, the courts have "broad discretion" when deciding whether to seek *pro bono* representation for a civil litigant.  *Id.*  Even if a court does believe that a litigant should have a free lawyer, under the *in forma pauperis* statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant.  *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301–310 (1989).  Moreover, courts do not have funds to pay counsel in civil matters.  Courts must therefore request the services of *pro bono* counsel sparingly, and with reference to public benefit, in order to preserve the

"precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

In *Hodge*, the Second Circuit Court of Appeals set forth the factors a court should consider in deciding whether to grant a litigant's request for *pro bono* counsel. 802 F.2d at 61-62. Of course, the litigant must first demonstrate that he or she is indigent, for example, by successfully applying for leave to proceed *in forma pauperis*. The court must then consider whether the litigant's claim "seems likely to be of substance" – "a requirement that must be taken seriously." *Id.* at 60–61. If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id.*; *see also Cooper*, 877 F.2d at 172 (listing factors courts should consider, including litigant's efforts to obtain counsel). In considering these factors, district courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion. *See Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Rather, each application must be decided on its own facts. *See Hodge*, 802 F.2d at 61.

## DISCUSSION

Plaintiff filed a Request to Proceed *in Forma Pauperis* (IFP), which the Court granted. (*See* Order dated May 19, 2021, Dkt. 7.) When Plaintiff filed his Application for the Court to Request Counsel, he affirmed that his financial status had not changed. (*See* Dkt. 98 at ECF 1.) Plaintiff therefore qualifies as indigent. The Court does not find,

however, that Plaintiff's claim "seems likely to be of substance."  *Hodge*, 802 F.2d 61-62.

Plaintiff asserts a Section 1983 claim based on allegedly unconstitutional conditions of confinement, specifically that spacing among prisoners was less than six feet during the Covid-19 pandemic.  Plaintiff alleges emotional distress but does not allege that he contracted Covid-19.  Moreover, his allegations concern conditions that no longer apply. Because the threshold requirement for appointment of pro bono counsel has not been satisfied, the Court does not address the additional *Hodge* factors.

## CONCLUSION

For the foregoing reasons, Plaintiff's Application for the Court to Request Counsel is denied.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: July 24, 2023
        New York, New York

Copies transmitted this date to all counsel of record.  The Court respectfully requests the Clerk of Court to mail a copy of this Order to the pro se Plaintiff:

Walter Ware
DIN #22B1979
Elmira Correctional Facility
P.O. Box 500
Elmira, NY 14902