UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WALTER WARE,<br><br>                    Plaintiff(s),<br><br>v.<br><br>CYNTHIA BRANN, et al.,<br><br>                    Defendant(s). | 21-CV-2028 (DEH)<br><br>**NOTICE OF REASSIGNMENT** |

DALE E. HO, United States District Judge:

This case has been reassigned to the undersigned. All counsel and pro se Plaintiff must familiarize themselves with the Court's Individual Practices, which are available at https://nysd.uscourts.gov/hon-dale-e-ho, including the Court's Individual Practices in Civil Pro Se Cases. Unless and until the Court orders otherwise, all prior orders, dates, and deadlines shall remain in effect notwithstanding the case's reassignment. Nothing herein shall affect the scope of the existing reference to the Magistrate Judge. Any conference or oral argument before or directed by the Magistrate Judge will proceed as ordered.

The Clerk of Court is respectfully directed to mail this Order, along with Judge Ho's Individual Practices in Civil Pro Se Cases, which are attached to this Order, to pro se Plaintiff.

SO ORDERED.

Dated: November 1, 2023
New York, New York

                                                            _____
                                                                        DALE E. HO
                                                               United States District Judge

OCTOBER 2023

## Individual Practices in Civil Pro Se Cases
### Dale E. Ho, United States District Judge

**Pro Se Office**
United States District Court
Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square / 40 Centre Street
Room 105
New York, NY 10007
(212) 805-0175

**Unless otherwise ordered by the Court, these Individual Practices apply to all civil cases involving pro se litigants (that is, litigants without counsel) before Judge Ho.**

1. **Resources for Pro Se Parties**

    a. **Court Website.** Pro se parties are directed to the Court's website (https://www.nysd.uscourts.gov/prose/role-of-the-prose-intake-unit/contact) for other important information concerning proceeding pro se in this Court.

    b. **Pro Se Law Clinic.** There is a Pro Se Law Clinic in this District to assist non-incarcerated people who are parties in civil cases and do not have lawyers. The Clinic may be able to provide a non-incarcerated pro se litigant with advice in connection with his or her case. The Pro Se Law Clinic is run by a private organization called the New York Legal Assistance Group ("NYLAG"); it is not part of, or run by, the Court (and, among other things, therefore cannot accept filings on behalf of the Court, which must still be made by any unrepresented party through the Pro Se Office).

    An unrepresented party can make an appointment with NYLAG through NYLAG's website (https://nylag.org/gethelp/) by completing an intake form online or via smartphone, available at https://nylagoi.legalserver.org/modules/matter/extern_intake.php?pid=142&h=cea984&; by visiting the kiosk at the Courthouse; or by calling (212) 659-6190 and leaving a message. The Clinic is located in the Thurgood Marshall United States Courthouse, 40 Centre Street (also known as "40 Foley Square"), New York, New York, in Room LL22, which is just inside the Pearl Street entrance to that Courthouse. Under normal circumstances, the Clinic is open on weekdays from 10 a.m. to 4 p.m., except on days when the Court is closed.

2. **Communications with Chambers**

    a. **No Communications to Chambers.**  All communications with the Court by a pro se party should be in writing and filed on ECF, emailed as a PDF, delivered in person, or physically mailed as described in Section 3(b) below.  <u>No documents or court filings may be sent directly to Chambers</u>.  Unless the Court orders otherwise, all communications with the Court will be docketed upon receipt; such docketing shall constitute service on any user of the ECF system.  If any other party is not a user of the ECF system (e.g., if there is another pro se party in the case), a pro se party must send copies of any filing to that party and include an Affidavit of Service or other statement affirming that it has done so.  Copies of correspondence between a pro se party and opposing parties shall not be sent to the Court.  Any questions should be directed to the Pro Se Office at (212) 805-0175.

    b. **Contact Information.**  Pro se parties are required to maintain their current mailing address on the docket at all times and must notify the Court of any change of address by filing a change of address form with the Pro Se Office.

    c. **Communications by Parties Represented by Counsel.**  Except as otherwise provided below, communications with the Court by a represented party shall be governed by Judge Ho's Individual Practices in Civil Cases, available at https://nysd.uscourts.gov/hon-dale-e-ho.

    d. **Requests for Rescheduling a Conference or Extensions of Time.**  All requests to reschedule a conference or extend a deadline must be made in writing and must state: (1) the original date(s) of the conference or deadline; (2) the reasons for the requested extension; (3) whether the other party or parties consent and, if not, the reasons given for refusing to consent; and (4) the date of the next scheduled appearance before the Court as well as any other existing deadlines.  Requests for extensions of deadlines regarding a matter that has been referred to a Magistrate Judge shall be addressed to that assigned Magistrate Judge.

    Absent an emergency, any request for an extension or to reschedule a conference must be made <u>at least two business days</u> prior to the deadline or scheduled appearance.

3. **Filing of Papers and Service**

    a. **Consent to Receive Electronic Service.**  To ensure timely service of documents, including Court Orders, non-incarcerated pro se parties are encouraged to consent

to receive electronic service through the ECF System.  To do so, a pro se party should review the instructions available at https://www.nysd.uscourts.gov/sites/default/files/2021-03/Consent_Pro-Se_Eservice-Instructions.pdf, and then submit a Consent to Electronic Service (available at https://www.nysd.uscourts.gov/sites/default/files/2021-03/Consent_Pro-Se_Eservice-form.pdf).

b. **Papers Filed by a Pro Se Party.**  A pro se party may file papers with the Court by:

   i. delivering them in person to the Pro Se Office, Thurgood Marshall Courthouse, 40 Centre Street (40 Foley Square), Room 105, New York, NY 10007;

   ii. mailing them to Pro Se Office at: United States District Court, Southern District of New York, 500 Pearl Street, New York, NY 10007, ATTN: Pro Se Intake;

   iii. emailing them as an attachment in PDF format to Temporary_Pro_Se_Filing@nysd.uscourts.gov, in which case the pro se party should follow the instructions contained in the April 1, 2020, Addendum to the Court's ECF Rules & Instructions, available in Appendix C at https://www.nysd.uscourts.gov/electronic-case-filing; or

   iv. filing them on the ECF System if the pro se party has filed a motion to participate in ECF (available at https://nysd.uscourts.gov/sites/default/files/2019-04/2012-prosemotionecffiling-final.pdf and in the Pro Se Office) and been granted such permission by the Court.

c. **Service on a Pro Se Party.**  Absent a pro se party consenting to receipt of electronic service, counsel in pro se cases must serve a pro se party with a paper copy of any document that is filed electronically and must file with the Court a separate Affidavit of Service.  Submissions filed without proof of service that the pro se party was served will not be considered.

4. **Discovery**

   a. **Discovery Requests Should Not be Sent to the Court.**  All requests for discovery by a pro se party should be sent to counsel for the party from whom discovery is sought.

   b. **Discovery Disputes.**  If there are any discovery disputes, the parties are required to confer with one another to try to resolve the dispute without the need for Court

intervention. If the parties are unable to resolve their dispute, either party may file a letter-motion, no longer than three pages and in accordance with Section 2 above, explaining the nature of the dispute and requesting an informal conference. If the opposing party wishes to respond to the letter, it must promptly file a responsive letter, not to exceed three pages.

5. **Motions**

   a. **Filing and Service.** Unless otherwise ordered by the Court, papers filed in opposition to a motion must be served and filed within 30 days of service of the motion papers, and reply papers, if any, must be served and filed within two weeks of receipt of opposition papers.

   b. **Pro Se Notices.** Parties who file a motion to dismiss, a motion for judgment on the pleadings, or a motion for summary judgment must provide the pro se party with a copy of the notices required under Local Civil Rules 12.1 or 56.2.

   c. **Special Rule for Summary Judgment Motions.** With respect to any deposition that is supplied in connection with a summary judgment motion, the index to the deposition should be included if it is available.

   d. **No Courtesy Copies.** Unless the Court orders otherwise, parties should <u>not</u> submit courtesy hard copies of any submissions in pro se cases.

6. **Conferences**

   a. **Notice and Scheduling.** Notices scheduling a court conference will be docketed on ECF and mailed to the pro se party or parties. Conferences may be held remotely or in person. In-person conferences will be held in Courtroom 905 of the Thurgood Marshall United States Courthouse, 40 Centre Street / 40 Foley Square, New York NY. Absent a motion to dismiss, the Court will generally schedule an initial case-management conference within four months of the filing of the complaint. The Notice of Initial Pretrial Conference will be docketed on ECF and mailed to the pro se party or parties.

   b. **Incarcerated Parties.** An incarcerated party may not be able to attend scheduled in-person conferences but may be able to participate by telephone. If an incarcerated party is unable to participate by telephone, a family member or a representative may attend or otherwise participate in the conference. In such instances, the incarcerated party may write to the Court in advance of the conference regarding any issue the pro se party wishes to have addressed at the conference. If a representative is designated, he or she should contact Chambers

at (212) 805-0190 to determine the location of the conference. The Court will also have a transcript of the conference sent to the incarcerated party. If an incarcerated party does not have counsel and a representative cannot attend a conference, the pro se party should write to the Judge regarding any issue the pro se party wishes to have addressed at the conference.

7. **Trial Documents**

    a. **Pretrial Statement.** Unless otherwise ordered by the Court, within 30 days of the completion of all discovery or, if a summary judgment motion is filed, within 30 days of the Court's ruling on summary judgment, the plaintiff in a pro se case shall file a concise, written Pretrial Statement. This Statement must contain the following:
        i. a statement of the facts the plaintiff hopes to prove at trial;
        ii. a list of all documents or other physical objects that the plaintiff plans to put into evidence at trial; and
        iii. a list of the names and addresses of all witnesses the plaintiff intends to have testify at trial.

    The Statement must be sworn by the plaintiff to be true and accurate based on the facts known by the plaintiff. If pro se, the plaintiff shall file an original of this Statement with the Pro Se Office. Two weeks after service of the plaintiff's Statement, the defendant must file and serve a similar Statement of its case containing the same information.

    b. **Other Pretrial Filings.**

        i. If the case is to be tried before only a judge without a jury, any parties represented by counsel must also file proposed findings of fact and conclusions of law at the time of filing the Pretrial Statement.

        ii. If the case is to be tried before a jury, any parties represented by counsel must also file proposed *voir dire* questions, a proposed jury charge, and a proposed verdict form at the time of filing the Pretrial Statement.