UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WALTER WARE,

                Plaintiff,

v.

CYNTHIA BRANN, et al.,

                Defendants.

21 Civ. 2028 (DEH)

**OPINION AND ORDER**

DALE E. HO, United States District Judge:

In this action, Plaintiff, proceeding *pro se*, sues Defendants Cynthia Brann, the Commissioner of the New York City Department of Corrections; Patsy Yang, the Vice President for Corrections for New York City Health + Hospitals; and Margaret Egan, the Executive Director of the Board of Corrections.[1] Plaintiff alleges that conditions at the Vernon C. Bain Correctional Center (the "VCBC Center"), a jail barge operated by the New York City Department of Corrections, were overcrowded when he was incarcerated there, posing a serious danger of COVID-19 infection, in violation of the Eighth and Fourteenth Amendments of the U.S. Constitution.[2] Following discovery, on December 12, 2023, Defendants move for summary judgment.[3] On January 18, 2024, the Court granted Plaintiff's request to set a deadline for Plaintiff's Opposition of April 22, 2024.[4] On June 26, 2024, the Court *sua sponte* granted an extension to July 31, 2024.[5] On August 7, 2024, the Court *sua sponte* granted an extension to

---

[1] *See* Compl. 3, ECF No. 1.

[2] *See id.* at 4.

[3] *See* ECF No. 118.

[4] *See* ECF No. 126.

[5] *See* ECF No. 130.

September 6, 2024.[6] That date has now passed, and the Court deems the motion fully briefed. For the reasons given below, Defendants' motion is **GRANTED**.

Under Federal Rule of Civil Procedure 56(c), summary judgment must be granted if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law."[7] "An issue of fact is genuine if the evidence is such that a reasonable jury could return a verdict for a nonmoving party."[8]

When, as here, a party fails to respond to a summary judgment motion, "the district court must ensure that each statement of material fact is supported by record evidence sufficient to satisfy the movant's burden of production even if the statement is unopposed."[9] "In the case of a *pro se* [litigant], the district court should examine every claim or defense with a view to determining whether summary judgment is legally and factually appropriate."[10] As Plaintiff is a *pro se* litigant, his submissions are construed liberally and interpreted to raise the strongest arguments that they suggest.[11] The evidence introduced by Defendants in support of the motion for summary judgment is construed in the light most favorable to Plaintiff as the non-moving party.[12]

Plaintiff filed this action on March 8, 2021.[13] He sues three corrections officials under 42 U.S.C. § 1983, alleging violations of the Eighth and Fourteenth Amendments of the United

---

[6] *See* ECF No. 131.

[7] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 n.4 (1986).

[8] *Frost v. N.Y.C. Police Dep't*, 980 F.3d 231, 242 (2d Cir. 2020).

[9] *Jackson v. Fed. Exp.*, 766 F.3d 189, 194 (2d Cir. 2014).

[10] *Id.* at 198.

[11] *See Saeli v. Chautauqua Cnty.*, 36 F.4th 445, 457 (2d Cir. 2022).

[12] *See Horror Inc. v. Miller*, 15 F.4th 232, 240 (2d Cir. 2021).

[13] *See* Compl.

States Constitution.[14] In substance, he alleges that from September 22 or 24, 2020, to March 2021, Defendants operated Housing Unit 2-BA, where Plaintiff was housed, at 87 to 90 percent capacity, above the level recommended by COVID-19 guidance issued by the Centers for Disease Control and an executive order issued by then-New York Governor Andrew Cuomo.[15] Plaintiff alleges that these conditions placed him at risk of developing COVID-19 and caused him mental and emotional harm.[16] He seeks compassionate release and money damages as relief.[17]

As a threshold matter, Plaintiff was a pretrial detainee during the events relevant to this lawsuit.[18] "A pretrial detainee's claims of unconstitutional conditions of confinement are governed by the Due Process Clause of the Fourteenth Amendment, rather than the Cruel and Unusual Punishments Clause of the Eight Amendment."[19] Although Plaintiff sues under both provisions of the Constitution, the Fourteenth Amendment provides protections "at least as great as the Eight Amendment protections available to a convicted prisoner"—in other words, the Eighth Amendment provides no additional protections not granted under the Fourteenth Amendment.[20] A pretrial detainee like Plaintiff may establish a claim regarding the conditions

---

[14] *See id.* at 2-3.

[15] *See id.* at 4.

[16] *See id.* at 4-5.

[17] *See id.* at 5-6.

[18] *See* Rule 56.1 Statement ¶ 3, ECF No. 120 (citing the New York State Department of Corrections & Community Supervision public website, which notes Plaintiff was transferred into custody in May 2022); Pl. Dep. 23:24-24:1, ECF No. 119-4 (noting that Plaintiff was transferred into state custody in May 2022).

[19] *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017).

[20] *Id.*

3

of his confinement "by showing that the officers acted with deliberate indifference to the challenged conditions."[21]

> This means that a pretrial detainee must satisfy two prongs to prove a claim, an 'objective prong' showing that the challenged conditions were sufficiently serious to constitute objective deprivations of the right to due process, and a 'subjective prong'—perhaps better classified as a '*mens rea* prong' or 'mental element prong'—showing that the officer acted with at least deliberate indifference to the challenged conditions.[22]

As to the first prong, "to establish an objective deprivation, the inmate must show that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health."[23] As to the second prong, a detainee must show "the defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk . . . even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety."[24] In other words, "[a] detainee must prove that an official acted intentionally or recklessly, and not merely negligently" with respect to the challenged conditions.[25]

Summary judgment is granted to Defendants. As to the first prong, the record presented, even construed in favor of Plaintiff, does not establish that the conditions in the VCBC posed an unreasonable risk of serious damage to his health. In the context of an alleged "substantial risk of harm from COVID-19," a plaintiff may establish the first prong by introducing "evidence of individuals in the prison testing positive for COVID-19, a failure to quarantine symptomatic or positive individuals, or the existence of a medical condition that increased the plaintiff's risk of

---

[21] *Id.*

[22] *Id.*

[23] *Id.* at 30.

[24] *King v. Falco*, No. 16 Civ. 6315, 2018 WL 6510809, at *9 (S.D.N.Y. Dec. 11, 2018).

[25] *Darnell*, 849 F.3d at 36.

harm from exposure."[26] "On the other hand, courts have concluded that there is insufficient evidence of a substantial risk of harm where the plaintiff only asserted general allegations of an increased risk from COVID-19 without specific instances of increased exposure, positive tests, or evidence of an underlying medical condition."[27] Here, Plaintiff alleges that "every single housing unit" was quarantined due to COVID-19 tests, but otherwise offers no specific instances of his exposure.[28] The summary judgment record also indicates that Plaintiff may have medical conditions that place him at an increased risk of complications from COVID-19 infection.[29] However, these conditions, even combined with the real risk of contracting COVID-19, do not establish that Defendants created an unreasonable risk of serious danger to Plaintiff's health. This conclusion is supported by Defendants' uncontested evidence of the measures they took to slow the spread of COVID-19 in the VCBC Center.[30]

As to the second prong, the record presented does not establish Defendants' deliberate indifference. Defendants introduce evidence of countermeasures put in place to slow the spread of COVID-19 that rebuts Plaintiff's allegations of deliberate indifference to COVID-19 risk, and "even assuming [their] response to COVID-19 was imperfect, or negligent, it is not enough to support a finding of deliberate indifference."[31] Additionally, Plaintiff testified at his deposition

---

[26] *Smith v. Sullivan*, No. 20 Civ. 659, 2023 WL 3727447, at *14 (N.D.N.Y. May 3, 2023).

[27] *Id.*

[28] Compl. at 4-5.

[29] *See* Thayer Dec. Exs. B & C, ECF Nos. 119-2, 119-3.

[30] *See* Thayer Dec. Exs. F & G, ECF Nos. 119-6, 119-7 (providing affidavit testimony from the then-Warden of the VCBC Center and the Senior Vice President of Correctional Health Services for all individuals incarcerated by the New York City Department of Correction regarding safety measures in place).

[31] *Parker v. Brann*, No. 20 Civ. 9408, 2022 WL 18402115, at *5 (S.D.N.Y. Dec. 17, 2022), *report and recommendation adopted*, No. 20 Civ. 9408, 2023 WL 358835 (S.D.N.Y. Jan. 22, 2023).

that Defendants "wouldn't know if the policies and things that [were] supposed to be taking place [are] happening or not taking place because they are not there."[32] "To hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official."[33] In other words, to establish a violation of the Fourteenth Amendment, Plaintiff must show that Defendants, personally, were deliberately indifferent to the risk of COVID.[34] The record does not contain any such evidence or allegations.

## CONCLUSION

For the reasons given above, Defendants' unopposed motion is **GRANTED**. The Court is sympathetic to Plaintiff's stress and anguish regarding the risk of COVID-19 during the time period of the Complaint (i.e., September 2020 to March 2021). However, on the record presented, Defendants are entitled to summary judgment on Plaintiff's claims.

The Clerk of Court is respectfully directed to close the motion at ECF No. 118 and to terminate the case.

SO ORDERED.

Dated: September 16, 2024
  New York, New York

DALE E. HO
United States District Judge

---

[32] Pl. Dep. 23:5-8, ECF No. 119-4.

[33] *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

[34] *See Gibson v. New York*, No. 21 Civ. 4251, 2021 WL 4267683, at *2 (S.D.N.Y. Sept. 20, 2021).